**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4978-16T2

JOSE LUIS ROSARIO,

     Plaintiff-Respondent,

v.

LILLIAN ROSARIO,

     Defendant-Appellant.

_____

Argued January 8, 2019 – Decided March 14, 2019

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1442-07.

Lillian Rosario, appellant, argued the cause pro se (Joseph Rakofsky, on the brief).

Jose I. Bastarrika argued the cause for respondent (Bastarrika, Soto, Gonzalez & Somohano, attorneys; Jose I. Bastarrika, of counsel; Andrew Burroughs, on the brief).

PER CURIAM

Defendant Lillian Rosario appeals from the Family Part judge's June 14, 2017 order that denied her motion to reconsider a March 21, 2017 order and granted plaintiff Jose Luis Rosario's cross-motion providing the following relief: finding her in contempt for violating the final judgment of divorce and the March 21, 2017 order; directing that she pay $94,535.04 to plaintiff, and entering judgment against her in that amount in favor of plaintiff, to cover the balance due pursuant to the March 2017 order that required defendant to reimburse plaintiff $193,117.07; appointing plaintiff the attorney-in-fact for the sale of properties in Connecticut; and awarding plaintiff counsel fees.[1] The March 2017 order held defendant in violation of litigant's rights and directed that she pay plaintiff for various costs associated with the mortgage, taxes, utilities and repairs made to the marital home prior to its sale.

In her merits brief, defendant argues:

> I. JUDGMENT SHOULD BE REVERSED BECAUSE "PROOFS" CONSISTING OF FORGERIES (AND OTHER INSTANCES OF FRAUD) SHOULD NOT BE TOLERATED BY ANY JUDGE AND SHOULD

---

[1] Defendant listed only the June 2017 order – not the March 2017 order – as appealed in the notice of appeal and civil case information statement she filed. We have made it clear that we will not address an order if the appellant "did not indicate in his [or her] notice of appeal or case information statement that he [or she] was appealing from the order." Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 460-61 (App. Div. 2002). As such, we only consider defendant's appeal from the June order.

A-4978-16T2

NOT BE RELIED UPON TO PREJUDICE AN INNOCENT PARTY, WHICH IS EXACTLY WHAT OCCURRED TO DEFENDANT-APPELLANT IN [THE TRIAL JUDGE'S] COURTROOM.

II. JUDGMENT SHOULD BE REVERSED BECAUSE THE TRIAL JUDGE'S ABUSE OF DISCETION, REFLECTED IN [THE] DECISION TO REFUSE TO INVESTIGATE WHY EXPENSES PRESENTED (FOR "2011 EXPENSES") BY PLAINTIFF-APPELLEE WERE FIRST REPRESENTED TO THE COURT IN 2011 AS $58,000 AND THEN, LATER, IN 2017, WERE AGAIN PRESENTED BY PLAINTIFF-APPELLEE TO THE COURT, BUT THIS TIME WERE BLATANTLY MISREPRESENTED IN PLAINTIFF-APPELLEE'S SO CALLED "PROOFS" WHICH NOW REQUESTED $124,000 (FOR THE VERY SAME "2011 EXPENSES"), AS WELL AS INSTANCES OF FORGERY AND OTHER ACTS OF FRAUD, PERPETRATED BY PLAINTIFF-APPELLEE, CLEARLY PREJUDICED DEFENDANT-APPELLANT, WHICH WILL RESULT IN EXTREME HARM TO DEFENDANT, IF PERMITTED TO STAND.

III. JUDGMENT SHOULD BE REVERSED BECAUSE THE TRIAL JUDGE'S ABUSE OF DISCRETION, NOT ONLY REFLECTED IN HIS . . . DECISION TO REFUSE DEFENDANT-APPELLANT A HANDWRITING EXPERT AND A FORENSIC EXPERT, BUT ALSO IN HIS . . . SURPRISING REFUSAL TO ORDER A HANDWRITING EXPERT AND A FORESNIC EXPERT, SUA SPONTE, TO INVESTIGATE THE SPECIFIC INSTANCES OF FORGERY, WHICH WERE CLEARLY ARTICULATED ON THE RECORD, IS PREJUDICAL ERROR, WHICH WILL RESULT IN

3

EXTREME HARM TO DEFENDANT-APPELLANT, IF PERMITTED TO STAND.

IV. JUDGMENT SHOULD BE REVERSED BECAUSE THE TRIAL JUDGE'S ABUSE OF DISCRETION, REFLECTED IN HIS HONOR'S DECISION TO REFUSE DEFENDANT-APPELLANT DISCOVERY CLEARLY PREJUDICED DEFENDANT-APPELLANT, WHICH WILL RESULT IN EXTREME HARM TO DEFENDANT IF PERMITTED TO STAND.

V. JUDGMENT SHOULD BE REVERSED "IN THE INTEREST OF JUSTICE" AS AN APPELLATE REVIEW AND GUIDANCE ARE IMMEDIATELY NECESSARY, OTHERWISE THE RULING BELOW, IF PERMITTED TO STAND, WILL IRREPARABLY INJURE DEFENDANT.

VI. JUDGMENT SHOULD BE REVERSED BECAUSE THERE IS SUFFICIENT EVIDENCE TO DEMONSTRATE AN OBJECTIVELY REASONABLE DOUBT AS TO THE TRIAL COURT'S IMPARTIALITY BECAUSE THE COURT'S RULING WAS BASED ON ARBITRARY GROUNDS AND THE PUNITIVE MEASURES IMPOSED UPON DEFENDANT-APPELLANT ARE UNREASONABLE AND DISPROPORTIONATE.

VII. JUDGMENT SHOULD BE REVERSED BECAUSE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

VIII. THIS HONORABLE COURT SHOULD PROVIDE RELIEF TO DEFENDANT-APPEL[L]ANT PURSUANT TO RULE 4:50-1, WHICH SPECIFICALLY CONTEMPLATES "FRAUD" AND "MISREPRESENTATION" AS

BASES FOR RELIEF TO AVOID A "GRAVE INJUSTICE."

We review the denial of a motion for reconsideration for an abuse of discretion. Cummings v. Bahr, 295 N.J Super. 374, 389 (App. Div. 1996). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). Reconsideration is appropriate if "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings, 295 N.J Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)); see also Fusco, 349 N.J. Super. at 462.

In her brief to the Family Part in support of the motion for reconsideration, defendant recognized the foregoing legal tenets and "assure[d] [the] reviewing [Family Part] court the motion herein relies on the record as originally presented and improperly represented. The facts are the same, it's the untainted version that warrants reconsideration." She tellingly admitted that she was "not seeking

to 'expand' the record before the court, but rather reexamine it based on the truths and the proofs."

During the original motion hearing, the Family Part judge repeatedly pointed to defendant's failure to prove her allegations. During the reconsideration hearing, defendant's counsel represented that defendant had provided counsel with "some significant information that was not available . . . prior to the hearing." On the day of the hearing, she requested the judge to consider those documents, including a certification from a repair man – who had allegedly been unavailable due to his travel schedule – asserting the amount paid on certain repairs was exaggerated by plaintiff. The certification was submitted to the court the day of the hearing and was not previously sent to plaintiff or plaintiff's counsel. The judge ruled the certification was not properly before the court.

Counsel then argued that defendant's signatures, appearing on cashed insurance checks covering repairs to the marital home – also presented to the court for the first time on the day of the hearing – were forged. The judge responded, "All [defendant] did [was] mention that there were proceeds from [an insurance claim for damage caused by Superstorm Sandy], but there was nothing in . . . those documents[] to demonstrate . . . how . . . any of the properties

were damaged by Sandy[.]"  The judge also noted defendant did not file a complaint with the insurance company or prosecutor's office alleging forgery. Defense counsel further argued that the marital home was not sold for over nine years, a delay she alleged was caused by plaintiff's insistence that the house be sold well above market value.  The judge replied he "was looking for supporting documentation as to that assertion" but "didn't see any appraisals for the property as part of your papers that showed" the property's value.  Defendant's counsel admitted that "all this information was provided to me post-filing."

The only reason advanced by defendant for the failure to submit proofs, other than the repairman's unavailability, is her lawyer's failure to properly represent her.  She contends "[t]he facts here provide incontrovertible evidence that the expenses were improperly presented, woefully misrepresented and substantially exaggerated."  She has not shown, however, that any documents she now relies on to support her opposition to relief sought in plaintiff's cross-motion were not obtainable prior to the March hearing. Indeed, the motion had been carried to February 2017 from November 2016, at request of defendant.[2]

---

[2] Defendant's request for an adjournment of the March hearing in order to allow her to obtain substitute counsel was denied.

Reconsideration is not an appropriate vehicle to bring to the court's attention evidence that was available but not presented in connection with initial argument. Fusco, 349 N.J. Super. at 463. We perceive no abuse of discretion by the judge in denying defendant's motion for reconsideration. Defendant's dissatisfaction with the judge's ruling and her counsel's performance is obvious but does not present a basis for reversal where the judge's decision is supported by the record. Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2010).

We determine the balance of defendant's arguments are without sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4978-16T2